THE DEATHERAGE LUMBER COMPANY, *Appellant,* V. C. H. MILES *et al., Appellees,* and MARY A. SCHULTZ, *Appellee.*

No. 17,176.

### SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Foreclosure—Wrongful Dismissal—Indemnity Bond—Parties.* An action was commenced against the owner of a lot, and a mortgagee thereof, to foreclose a mechanic's lien. The mortgagee answered setting up a bond alleged to have been given by the owner to protect against liens, as provided by statute. A reply was filed alleging the insufficiency of the bond. A grantee of the owner who is not a party to the action then filed a motion to dismiss the action, which was sustained without a trial of the issue made upon the pleadings. It is *held* that the dismissal was erroneous; that upon the claim that the bond and a suit alleged to have been brought thereon were defenses to the action, the person entitled to the benefit thereof should have been made a party and pleaded such defenses.

Appeal from Wyandotte court of common pleas. Opinion filed July 7, 1911. Reversed.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* for the appellant.

*George W. Littick,* and *E. Q. Stillwell,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: The appellant commenced an action to foreclose a mechanic's lien for building material furnished to C. H. Miles, appellee. F. M. Perkins, appellee, was made a defendant, and answered pleading a mortgage upon the same premises; also setting up a bond given by the owner to discharge such liens. (Civ. Code, § 660.) The bond as copied in the answer purports to secure the erection of a building described therein according to an agreement with Perkins, and then says:

"We bind ourselves that we will payment make of all claims arising from the furnishing of labor and material for the purpose hereinbefore recited, which might be the basis of liens, under the provisions of chapter 168 of the Laws of the state of Kansas, of 1889, and as amended by chapter 146, Laws of 1891."

To this answer a reply was filed containing a general denial of the allegations of the answer; alleging that the bond is not in compliance with the statute; that the principal and sureties are, and when it was given were, insolvent; that it was given for the purpose of defrauding the plaintiff of its rights, and to prevent it from obtaining a lien under the statute, and that the insolvency of the sureties was well known to defendant Miles. The reply contained a prayer that the bond be set aside. No other pleadings were filed. On the day on which the reply was filed appellee Mary A. Schultz, who is not a party to the action, filed a motion to dismiss it, on the ground that she was the owner of the property on which a foreclosure was sought, having succeeded to the title of C. H. Miles therein; that a bond had been given to protect against mechanic's liens, as provided by law; that the plaintiff has another action pending to enforce its claim, and had abandoned this action. The motion was filed with leave of the court but without notice to the appellant.

Lumber Co. v. Miles.

Notice of hearing was served on appellant and upon such hearing this action was dismissed. Thereupon the appellant moved for an order setting aside the dismissal, which motion was overruled, and this appeal was then taken.

It will be observed that the issue upon the pleadings was upon the sufficiency of the bond to discharge the lien. Miles, the owner, made default, and Mary A. Schultz, the grantee of the owner, filed no pleading and did not ask to be made a party. A novel situation is presented. An action to enforce a lien apparently regular upon its face was summarily dismissed on motion of a person not a party to the action, and who did not ask to be made a party, and this dismissal summarily disposed of an issue regularly made up between the plaintiff and one of the defendants, the other defendants being in default. The dismissal can not be sustained. The moving party, having an interest in the subject matter, and claiming that the bond discharged the lien, should have applied to be made a party to the action and pleaded her defense, and the issue arising upon such pleading, with that already made up, should have been tried in the usual course of practice. If a grantee of a mortgagor should claim that the mortgage debt had been paid or another security substituted, an action for foreclosure would not be dismissed upon such claim being presented, but the payment or release would be pleaded, and the issue tried in the orderly course of practice. The same rule applies here.

It was stated in the motion that after the answer of Perkins had been filed the appellant commenced an action on the bond and thereby abandoned the foreclosure suit. Whether actions could be prosecuted at the same time upon the bond and to foreclose the lien is not here for consideration. If the prosecution of one is a defense to the other, that defense should be pleaded in the usual way.

It may be said that the proceeding by motion is a more simple remedy, but the same claim could be made concerning other affirmative defenses; such as payment, release or the like. The code provides for pleadings, issues, and trials in such cases. Whether a defense should be sustained is to be determined, except in cases of sham or frivolous pleadings or the like, upon the trial of the issue.

It should also be observed that the bond in question secured only "claims arising from the furnishing of labor and material for the purpose hereinbefore recited," and the purpose so recited was limited to the erection of one certain building, while the statute provides that the bond shall be conditioned for the payment of all claims "which might be the basis of liens." (Civ. Code, § 660.) Again, this bond is in the sum of $1000, the principal of the mortgage debt, but the statutory bond must be in a sum not less than the contract price, i. e., the contract between the material man and the owner for furnishing the material. What that was is not shown. It is not decided that these departures from the statutory requisites make the bond insufficient to discharge the plaintiff's liens, but they are referred to as additional reasons why the sufficiency of that instrument should be determined upon proper issues and a trial thereof.

The order dismissing the action is reversed and the cause is remanded for further proceedings.